**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

AMERICAN FIRE SPRINKLER, INC.                                                    PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:05-cv-234WS

MARSHALL CONSTRUCTION, L.L.C. and
MARSHALL CONSTRUCTION OF
MISSISSIPPI, L.L.C.                                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before this court is the motion of the only defendant in this cause, Marshall Construction, L.L.C. ("Marshall"),[1] an Alabama corporation, to compel arbitration and to dismiss the plaintiff's claims in the instant case. The plaintiff here is American Fire Sprinkler, Inc. This court has subject matter jurisdiction over this dispute under Title 28 U.S.C. § 1332,[2] diversity of citizenship where the requisite amount in controversy is present. Originally filed in state court, this lawsuit subsequently was removed by defendant to this federal forum under Title 28 U.S.C. § 1441(a).[3] Pursuant to Rule 7.2(D) of the Uniform Local Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, within ten days after service of the movant's motion, the plaintiff American Fire Sprinkler, Inc., was required

---

[1] The plaintiff's complaint names Marshall Construction, L.L.C. of Mississippi as a defendant, but no such corporate entity exists in Mississippi.

[2] Title 28 U.S.C. § 1332 provides in pertinent part: (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; ... .

[3] Under Title 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ⋯ to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993).

to voice any opposition to the motion to compel arbitration and to dismiss. The certificate of service attached to defendant's motion indicates that the motion was served on April 14, 2005. After the passage of almost two months, American Fire Sprinkler finally filed its opposition to Marshall's motion. Local Rule 7.2(D) also provides that "[i]f a party fails to respond to any motion other than a motion for summary judgment within the time allotted, the court may take the motion as confessed." So, although this court could grant Marshall's motion to compel arbitration as unopposed, in the interest of judicial economy, this court nevertheless shall address the actual merits of Marshall's motion.

## **STATEMENT OF THE CASE**

American Fire accuses defendant Marshall of failing to compensate American Fire for labor and materials American Fire allegedly supplied pursuant to its renovation of the McCarty-Holman facility in Jackson, Mississippi. Prior to the work, the parties entered into a Subcontract Agreement, which contains an Arbitration Clause. Article XIII of the Subcontract Agreement provides that:

> "[i]n the event of any dispute arising between Contractor and the Subcontractor, then either party may demand an arbitration in accordance with the rules of the American Arbitration Association then applicable. The written decision of such arbitration shall be final and binding on both parties hereto and judgment upon the decision may be entered in any court having jurisdiction thereof. Each party shall pay one-half of the expenses of such reference, unless otherwise provided in such decision.

The parties herein dispute the thrust and legal sufficiency of this Arbitration Clause. Defendant Marshall contends that this Arbitration Clause is binding on the parties and speaks to all of plaintiff's claims. Plaintiff disagrees, arguing that the

Arbitration Clause is optional, ambiguous, and unconscionable.  In sum, American Fire contends that the Arbitration Clause is unenforceable.

## ANALYSIS

The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate contracts involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  Title 9 U.S.C. § 2.  In general, federal law favors arbitration, and there is "a presumption in favor of the enforceability of contractual arbitration agreements."  *McKenzie Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 473 (5th Cir.  2002).

The first step in evaluating a motion to compel arbitration is to determine whether the parties agreed to arbitrate.  *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002).  This determination depends on two considerations: (1) whether there is a valid agreement to arbitrate between the parties, and (2) whether the dispute in question falls within the scope of the arbitration agreement.  *Id.*; *Webb v. Investacorp*, 89 F.3d 252, 258 (5th Cir. 1996).  Ambiguities or uncertainties as to whether a particular dispute falls within the scope of an arbitration agreement are resolved in favor of arbitration.  *Fleetwood*, 280 F.3d at 1073, citing *Volt Info Sciences, Inc. v. Board of Trustees*, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). This is so because as earlier stated there is a presumption in favor of the enforceability of contract arbitration agreements.  Ordinary contract principles apply to the determination of whether a valid agreement to arbitrate exists between the parties.  *Fleetwood*, 280 F.3d at 1073.  Thus, the strong federal policy favoring arbitration is

triggered only after the court determines that a binding arbitration agreement exists. *Id.*

In the instant case, Article XIII plainly requires that any dispute between the Contractor (Marshall) and the Subcontractor (American Fire Sprinkler), upon the demand of either party, is to be submitted to binding arbitration.[4]  No exceptions are found in the Arbitration Clause such as any specifically excluded remedies.

Therefore, this court concludes that a valid agreement to arbitrate was executed between the parties.  Further, this court is persuaded that all of American Fire's claims against Marshall fall within the purview of this Arbitration Clause.  Here, American Fire charges that Marshall breached the agreement between the parties by failing to perform an obligation required by a written contract to pay American Fire the total amount due.  Without doubt, the agreement referenced by the complaint is the subcontractor agreement in question in this case, the same agreement containing the Arbitration Clause at Article XIII.

In *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 165 (5th Cir.), the Fifth Circuit noted that when parties agree to an Arbitration Clause governing "[a]ny dispute ... arising out of or in connection with or relating to this Agreement," they "intend the clause to reach all aspect of the relationship."), *cert. denied*, 525 U.S. 876, 119 S.Ct. 179, 142 L.Ed.2d 146 (1998).  In the instant case, the

---

[4] Article XIII provides that, "[i]n the event of any dispute arising between the Contractor and the Subcontractor, then either party thereto may demand an arbitration in accordance with the rules of the American Arbitration Association then applicable.  The written decision of such arbitration shall be final and binding on both parties hereto and judgment upon the decision may be entered in any court having jurisdiction thereof.  Each party shall pay one-half of the expenses of such reference, unless otherwise provided in such decision.

Arbitration Clause provides that any dispute between the parties permits either party to demand arbitration.  The right to demand arbitration is not limited to just those disputes arising under the agreement.  Consequently, this court concludes that there exists an agreement to arbitrate and that the dispute between the parties is one which falls within the scope of the Arbitration Clause.

**1.  The Requirement to Proceed to Arbitration is not Optional or Ambiguous**

Nevertheless, the plaintiff contends that the arbitration provision is only optional, that an aggrieved party may choose not to invoke the procedure.  Plaintiff next reasons that, when it rushed to the courthouse and filed the instant lawsuit, this choice of action foreclosed Marshall's right to demand arbitration pursuant to the contract.  The plaintiff attempts to justify this rationale based upon the presence of the term "may" rather than "shall" in Article XIII of the contract.  Thus, interpreting the Arbitration Clause to require disputes to be arbitrated would be, according to the plaintiff, in derogation of the understanding between it and Marshall;  otherwise, American Fire Sprinkler argues that an ambiguity exists in the Arbitration Clause because it appears to be optional, rather than binding, due to the use of the word "may."

This court is unimpressed with the plaintiff's argument regarding the use of the word "may" and the suggestion of ambiguity with regard to whether arbitration was required or optional.  In light of the "federal policy favoring arbitration ..., ambiguities as to the scope of the arbitration clause itself [are] resolved in favor of arbitration." *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995) (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr.*

*Univ.*, 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)); *accord, Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002) ("[A]ll doubts concerning the arbitrability of claims should be resolved in favor of arbitration.").  Furthermore, the scant authority addressing the use of the word "may" or other permissive terms relating to arbitration clauses hold that using the word "may" or any other facially "permissive" language in establishing arbitration procedures does not necessarily give a party to that agreement the option of either submitting its claim to arbitration or by-passing arbitration and seeking immediate recourse to the courts.  *Ceres Marine Terminals, Inc. v. International Longshoremen's Ass'n, Local 1969, AFL-CIO*, 683 F.2d 242, 246 (7th Cir. 1982); *United Steelworkers of America v. Fort Pitt Steel Casting*, 598 F.2d 1273, 1279 (3d Cir. 1979); *Local 771, I.A.T.S.E. v. RKO General, Inc.*, 546 F.2d 1107, 1116 (2d Cir. 1977); *J. C. Bonnot v. Congress of Independent Unions Local # 14*, 331 F.2d 355, 359 (8th Cir. 1964).  All these cases involve arbitration clauses contained in collective bargaining agreements, and hold that the use of the word "may" does not imply any option with regard to arbitration.  Moreover, the Eighth Circuit in *Bonnot* suggested that the sole option an aggrieved party retained through use of the word "may" other than arbitration was to abandon its claim altogether.  *See Local 771,* at 1116, paraphrasing *Bonnot*.  This court finds this interpretation most appropriate in light of the instant arbitration provision.

### 2.  The Recent Mississippi Supreme Court Decision

American Fire next refers to the Mississippi Supreme Court decision of *Pitts v. Watkins*, 905 So.2d 553 (Miss. 2005).  This case observes that under certain

circumstances where a clause provides for an avenue for one party to pursue his claims in a court of law, while requiring the other party to arbitrate, that Arbitration Clause may not be enforced.  In *Pitts*, the Arbitration Clause provided an avenue for Watkins to pursue his claims in a court of law, but required the Pitts parties first to arbitrate all claims.  The Arbitration Clause provided that "[a]ny dispute concerning the interpretation of this Agreement or arising from the Inspection and Report (unless based on payment of fee) shall be resolved by ⋯ arbitration."  *Id.*, at 555-56.  By signing the agreement, Pitts agreed to pay $265 for the performance of the Inspection services.  If Pitts were to breach the contract by failing to pay the inspection fee to Watkins, Watkins could pursue a claim for the fees in a court of law.  The contract also stated that, "[s]hould you fail to timely pay the agreed upon fee(s), you shall be responsible for paying any and all fees associated with collection, including but not limited to administration costs, attorney's fees, and cost of litigation."

  The Mississippi Supreme Court concluded that these terms unreasonably favored Watkins.  According to the majority opinion, the language included in the clause, "(unless based on payment of fee)," maintains Watkins' ability to pursue a breach by Pitts in a court of law, while Pitts is required to arbitrate any alleged breach by Watkins.  This Arbitration Clause, said the Court, is clearly one-sided, oppressive, and therefore, substantively unconscionable.  *Id.,* at 556.

  In the instant case, Article XIII contains none of these provisions;  instead, either party may demand to proceed to arbitration with any dispute arising between the Contractor and the Subcontractor.  The *Pitts* decision is distinguishable on its facts and does not apply to invalidate the Arbitration Clause in this case.

### 2. Mutuality and Unconscionability

American Fire's contention that a lack of mutuality will operate to relieve a party of the agreement to arbitrate has been rejected by this court on several occasions. *Fidelity National Corporation v. Blakely,* 305 F.Supp.2d 639, 643 (S.D. Miss. 2003), citing *Murphy v. Amsouth Bank*, 2003 WL 21511853, at *3 (S.D. Miss. 2003) (holding that arbitration agreement which allowed lender to pursue collection remedies in state court while denying the same to the plaintiff did not lack mutuality so as to make it substantively unconscionable); and *First Family Financial Services, Inc. v. Fairley*, 173 F.Supp.2d 565, 572 (S.D. Miss. 2001) (holding that "mutuality of obligation is not required for a contract to be enforceable" and an "arbitration clause is not unenforceable solely because it is one-sided.").

In order to prove procedural unconscionability as the result of any clause in the contract, the plaintiff would have to show a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms. *Pridgen v. Green Tree Financial Servicing Corporation*, 88 F.Supp.2d 655, 658 (S.D .Miss. 2000).  The plaintiff makes no such showing here.  Furthermore, under Mississippi law, a person is charged with knowing the contents of any documents that he or she executes. *Russell v. Performance Toyota, Inc.*, 826 So.2d 719, 726 (Miss. 2002).

### **CONCLUSION**

Therefore, in light of the foregoing, this court hereby grants the motion of the defendant Marshall Construction, L.L.C., to compel arbitration and directs the parties to proceed to resolve this dispute in accordance with the current rules of the American Arbitration Association as provided by Article XIII of the Subcontract Agreement.

Furthermore, pursuant to Title 9 U.S.C. § 3,[5] the court is required to stay proceedings once it determines that the issues raised in the complaint are referable to arbitration. This stay requirement, though, does not preclude dismissal of a case if this court concludes that all of the claims presented are subject to arbitration. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). To maintain jurisdiction under such circumstances would serve no useful purpose. *Id*. Thus, this court hereby dismisses the above-styled and numbered cause without prejudice in favor of the proceedings before the arbitrator.

**SO ORDERED** this the 30th day of March, 2006.

                                        **s/ HENRY T. WINGATE**

                                        **CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:05-cv-234WS
Memorandum Opinion and Order

---

[5] Title 9 U.S.C. § 3 provides that, "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."